UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
Thomas P. Davis

                Plaintiff,

  -against-

Nancy A. Berryhill

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:17-cv-4883-FB

*Appearances*:
*For the Plaintiff*:
CHRISTOPHER J. BOWES
Center for Disability Advocacy
Rights
100 Lafayette St.
Ste. 304
New York, NY 10013

*For the Defendant*:
MARK J. LESKO
By Matthew Silverman
United States Attorney's Office
271 Cadman Plaza East
7th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    Plaintiff Thomas P. Davis obtained $140,055.00 in past-due benefits after the Court vacated the Social Security Administration's ("SSA's") denial of his disability benefits claim. Pending is Attorney Christopher Bowes's ("Bowes's") motion for approval of a contingency fee agreement ("the Agreement"), which provides that 25% of the plaintiff's past due benefits award will be paid to counsel. *See* ECF No. 29 at 12. The Court notes that the SSA has withheld $34,530.00 of

the plaintiff's past due benefits to cover a possible fee award, and Bowes has already been awarded $7,000.00 under the Equal Access to Justice Act ("EAJA"). *See* ECF No. 27; ECF No. 29 at 21.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Bowes requests a fee of $34,530.00, which is less than 25% of the total benefits award, and there is no evidence that fraud induced the plaintiff to enter into the Agreement. Thus, the only question is whether an award of $34,530.00 for 37.4 hours of work (or $923.26/hour) would constitute a windfall. It would. Recent caselaw suggests that Bowes commands a fee of $700 per hour, and

there is no reason why that sum is inadequate in this case. *See Savage v. Comm'r of Soc. Sec. Admin.*, No. 15-CV-5774, 2020 WL 3503218, at *2 (E.D.N.Y. Jun. 29. 2020) (holding that $700 hourly fee is "above market rate and comparable to other awards that [Bowes] has received") (quoting *Almodovar v. Saul*, No.16-CV-7419, 2019 WL 7602176, at *3 (S.D.N.Y. Oct. 4, 2019), *adopted by* 2019 WL 6207784 (S.D.N.Y. Nov. 21, 2019)). Bowes's fee is reduced to $26,180.00.

Moreover, the Court cannot deduct the $7,000.00 EAJA award from its final award, since the statute requires that "the claimant's attorney. . .refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 789. Accordingly, Bowes shall be required to refund the $7000 he received under the EAJA.

## CONCLUSION

The plaintiff's motion for attorney's fees is **GRANTED IN PART**. The Commissioner of the SSA is **ORDERED** to disburse $26,180.00 to Bowes and the remainder to the plaintiff. Upon receipt of these funds, Bowes is **DIRECTED** to refund the $7000.00 awarded under the EAJA to the plaintiff.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 15, 2021